DONHAM, *Appellant,* v. HAHN *et al.*

Division One, March 12, 1895.

1. **Corporation:** ASSETS: CREDITORS. The property of a corporation is held in trust for the creditors and stockholders, and its conversion by its officers to their private use is fraudulent as to creditors.

2. **Trustee:** PURCHASER: NOTICE. A purchaser from a trustee *ex maleficio* with knowledge of the trust, occupied the same position as such trustee.

3. **Corporation:** AGENTS: RATIFICATION. The approval and ratification, by a corporation, of acts of its officers is equivalent to the possession, on their part, of original authority to perform such acts.

4. ———: FRAUDULENT CONVEYANCE. A conveyance of lands purchased with corporate funds made to an officer who secured a loan thereon, *held,* not to have been in fraud of the corporate creditors.

5. **Principal:** AGENT: NOTICE. A principal is chargeable with notice of the existence of such facts only as are within the knowledge of his agent in the particular business confided to him.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Henry C. Young* for appellant.

(1) The defendant Hahn, the secretary of the Current River Lumber Company, by taking the legal title to the property in controversy in his own name, became a trustee *ex maleficio* for the company and its creditors. *Wells, Fargo & Co. v. Robinson*, 13 Cal. 133; *Bartlett v. Drew*, 57 N. Y. 587. (2) And the property may be impressed with that trust in the hands of anyone, except a *bona fide* purchaser for a valuable consideration without notice of the trust. *Bank v. Ins. Co.*, 104 U. S. 54; *Bank v. Investment Co.*, 74 Tex. 421; *Price v. Reeves*, 38 Cal. 457. (3) A purchaser at execution sale may impeach the conveyance to Hahn as well as the one to Mrs. Anderson's trustee as fraudulent against creditors. *Lionberger v. Baker*, 88 Mo. 447. (4) The deed of trust executed by defendant Hahn to the trustee of the defendant, Laura E. Anderson, is void as a matter of law against creditors. *(First)* Because it secures more than was due. *Boland v. Ross*, 120 Mo. 208; *Tube Works v. Ring*, 118 Mo. 365; *Kuykendall v. McDonald*, 15 Mo. 420. *(Second)* And the creditors of the Current River Lumber Company can impeach this conveyance because they are, in equity, the creditors of Hahn to the extent of the value of the property in controversy. Beach on Private Corporations, sec. 257; *Bank v. Investment Co.*, 12 S. W. Rep. 101. (5) The fact that Milner, who was Mrs. Anderson's agent, was fully cognizant of the whole transaction, is sufficient to charge Mrs. Anderson with notice of the trust relation which Hahn sustained toward the property, and

to avoid the deed of trust in *toto*. *Choteau v. Allen*, 70 Mo. 290; *Breckinridge v. Ins. Co.*, 87 Mo. 62. 71; *Bank v. Hoeber*, 88 Mo. 37; *George v. Railroad*, 40 Mo. App. 433; *Livermore v. Blood*, 40 Mo. 48; *Johnson Shortridge*, 93 Mo. 227; *The Distilled Spirits*, 11 Wall. 356; *Hickman v. Green*, 22 S. W. Rep. 455. (6) The knowledge acquired by the witness, Alex. C. Anderson, in the course of his dealings with Milner and the other officers of the Current River Lumber Company, is notice to his mother, Mrs. Laura E. Anderson, for whom he was acting, and is sufficient to avoid the deed of trust, not only in part but in its entirety. *Priest v. Choteau*, 85 Mo. 398. And the failure of defendants to deny knowledge of the Hahn transaction, is sufficient to raise a presumption of notice. *Hedrick v. Beeler*, 110 Mo. *loc cit.* 100; *Mabary v. McClurg*, 74 Mo. 591; *Henderson v. Henderson*, 55 Mo. 534; *Cass County v. Greene*, 66 Mo. 498; *Eck v. Hatcher*, 58 Mo. 239; *Baldwin v. Whitchomb*, 71 Mo. 651; *Leeper v. Bates*, 85 Mo. 224; *Goldby v. Johnson*, 82 Mo. 605.

*Charles H. Anderson* for respondent.

(1) The finding of the circuit court to which the questions of fact were submitted with all the evidence before it, will not be disturbed, unless the evidence would most clearly lead to a different conclusion. *Priest v. Chouteau*, 85 Mo. 408. (2) Fraud will not be presumed, when all the facts in the case consist as well with honesty and fair dealing as they do with the intention to defraud. *Henderson v. Henderson*, 55 Mo. 555; *Deering v. Collins*, 30 Mo. App. 89. (3) Even if there was fraud on the part of Milner and Hahn in taking title in Hahn, Mrs. Anderson can not be charged with it, so as to affect her claim to the lot in controversy, unless she or her agent, Aleck. C. Anderson, is shown

to be a party to the fraud or participated in the fraud. *Tube Works Co. v. Ring*, 118 Mo. 365; *Henderson v. Henderson*, 55 Mo. 555. (4) There is not a particle of evidence to support the claim that the lumber company received the benefit of the $500 loan and its property must be applied toward paying the obligations. *State ex rel. v. Hope*, 102 Mo. 428; *Miller v. Lockwood*, 32 N. Y. 293; *Adams v. Wheeler*, 10 Pick. (Mass.) 199; *Speer v. Skinner*, 35 Ill. 282. (5) The fact that Hahn received, held and encumbered, in his name, property of the company to secure Mrs. Anderson's loan to the company, does not raise the presumption that she had notice of an attempt on the part of the officers of the company to defraud other creditors, nor that she was a participant in that fraud, nor throw on her the burden of proof that she acted in good faith. *State ex rel. v. Hope*, 102 Mo. 428; *Pettingill v. Jones*, 30 Mo. App. 283; *Deering & Co. v. Collins*, 38 Mo. App. 88. (6) The court did not err in awarding damages against the appellant on the injunction bond, and the amount of the award, $50, was very reasonable. *Morgan v. Negley*, 53 Pa. St. 153; *Meysenberg v. Schlieper*, 48 Mo. 426; *Collins v. Sinclair*, 51 Ill. 328.

MACFARLANE, J.—This is a suit in equity to enjoin the sale of a lot in Springfield, Missouri, by the sheriff, acting as trustee in a deed of trust and to cancel and set aside the deed. A temporary injunction was granted, but, on a trial, the finding of the court was for defendants and plaintiff appealed.

The petition charges that the deed of trust with power of sale was made by defendant Hahn on the thirteenth day of February, 1891, to secure two notes aggregating $1,550, one held by defendant Laura E. Anderson, and the other by defendant James R. Milner. That at the time the deed of trust was executed, the said

Hahn held the legal record title thereto, but that the same was held by him in trust for the Current River Lumber Co.; that the property was acquired by exchanging for it certain property belonging to said company, and the title was taken by the said Hahn, who was secretary and director of said company, by collusion with said defendant Milner, who was also a director and the president thereof, for the purpose of defrauding said company, its stockholders and creditors.

On the trial, a deed from Lynn Hummell (who, it was agreed, owned the land), conveying to defendant Hahn the lot in question, was read in evidence. This deed was dated December 29, 1890. The deed of trust described in the petition was also read. The debt secured appeared to be two notes, one for $1,050, and the other for $500, each payable to defendant L. E. Anderson.

Plaintiff claimed title under a sheriff's sale and deed dated September 24, 1892, made under a judgment against said Lumber Company, J. R. Milner, W. A. Dennis, and defendant Hahn, conveying the land to him. The judgment is dated March 22, 1892.

It was also shown that the consideration for the deed from Hummell to Hahn was the exchange of a lumber yard belonging to said company.

The evidence showed that said Hahn was a director and secretary, and Milner was a director and president, of said company at the date the deed of trust was given. The beneficiary in the deed was Mrs. Laura E. Anderson, who lived in the state of Illinois. Her son, A. C. Anderson lived in Springfield, Missouri. The former had been for some years lending money at Springfield through her said son and Milner as agents. The duties peformed by these two agents, as they called themselves, was about this: The loans were secured and the deeds and other papers prepared by Milner, and the

money was furnished by Anderson, if the loan was approved by him.

On the thirteenth day of February, 1891, Milner applied to A. C. Anderson for the loan of $1,550 for the use of the said Lumber Company. The land was offered as security. Milner, we infer from the evidence, recommended the loan. Anderson agreed to furnish the money, but then had in his hands only $1,050 belonging to his mother, but Milner informed him that he would soon have in his hands, of money belonging to said L. E. Anderson, enough to make out the sum desired. Two notes were accordingly executed by Hahn payable to L. E. Anderson, one for $1,050 and the other $500, and the deed of trust in question to secure both notes was executed by Hahn. The sum of $1,050 was thereupon paid over to Hahn and the note of that amount was delivered to Anderson for the payee. The other note for $500 was indorsed to Milner and was held by him until the balance of the money was paid. This balance was not paid for a few weeks, when the note was delivered to Anderson for his mother. All the money received by Hahn was used in paying the liabilities of the Lumber Company.

The transaction under which the land was conveyed to Hahn was carried out by him and Milner assuming to act for the company. Their evidence was to the effect that the deed was taken in the name of Hahn for convenience only. There was no evidence that the board of directors authorized it. The lot in question was not carried on the books of the company, as a part of its assets, until after this transaction, and after the property of the corporation had been attached by its creditors.

The question at the very threshold of this case is whether Milner and Hahn, managing officers of the corporation, are chargeable with fraud upon its cred-

itors and stockholders by their manner of dealing with the property of the company. The property of a corporation is held in trust for the creditors and stockholders, and its conversion by the officers to their own private uses, to the exclusion of creditors, would undoubtedly be fraudulent, and, as long as it could be traced and followed, the property into which it had been converted would remain subject to the trust, in the hands of purchasers and mortgagees who took with knowledge of the trust.

The exchange of the lumber yard by Milner and Hahn for the property in question, and taking the title thereto in the name of Hahn, would be evidence of a conversion which, without explanation, might be conclusive of a fraudulent intent. In such case Hahn would have held the property as trustee *ex maleficio* for the corporation, and if Mrs. Anderson took her mortgage on the trust property, with knowledge of the trust, she would have occupied the same position as the original trustee. These principles are well settled. *Bank v. Ins. Co.*, 104 U. S. 54, and cases cited; *Priest v. Chouteau*, 85 Mo. 408.

But we think the evidence in this case fails to show either an intent on the part of Hahn and Milner to convert the property to their own use, or to divert it from its legitimate trust purposes; nor does it show that the purposes for which the property was used was different from that to which the corporation intended to subject it. It appears that, while the corporation was in embarrassed circumstances, it was still a going concern, and it was thought that, by proper management, its embarrassments would be overcome.

The evidence, it is true, does not disclose the extent of the authority the managing officers were given in the management of the business of the corporation, nor was direct authority shown for making the

transfer of the properties or executing the mortgages in question. But it does appear that money had been borrowed by these officers on other occasions, and that the funds thereby raised had been used in the business of the company, and we must therefore assume,· as neither the corporation or its stockholders are complaining, that such was the approved custom and that the acts of these officers were approved and ratified by the corporation, which is tantamount to an original authority. *Campbell v. Pope*, 96 Mo. 470, and cases cited.

The evidence shows satisfactorily that the title to the property was taken by Hahn for greater convenience in its management, and not for the purpose of withdrawing it from corporate uses. There was not only no denial of the trust, but a recognition of it from the beginning to the end. The money was borrowed from Mrs. Anderson, expressly for the use of the corporation, and was applied in the payment of its liabilities. No conversion or diversion of the money borrowed was shown. It seems to have been honestly and faithfully used for the legitimate purposes for which it was secured.

Under the evidence we do not think the deed of trust fraudulent, though taken by Mrs. Anderson with notice that the property belonged in equity to the corporation.

But we do not think that Milner was the agent of Mrs. Anderson, in this transaction, so that his knowledge of the trust character of the property could be imputed to her. It is true, he calls himself her agent, and undoubtedly had, in a limited way, acted for her as such for several years. But his authority to lend her money appears never to have been general. His duty seems to have been limited to finding borrowers and to preparing deeds and other papers in making the

loans. The most important duty, that of approving the security, was confided to her son. With that, Milner had nothing to do. The principal is only charged with notice of the existence of such facts as are within the knowledge of the agent in the particular business confided to him. The approval was not entrusted to Milner, and his knowledge of the trust character of the land offered as security could not be attributed to his principal. In this transaction, Milner, as president of the corporation, was acting for it. Judgment affirmed. All concur.